# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRISTOPHER L. WARTH,

        Petitioner,    :        Case No. 1:24-cv-00549

   - vs -                    District Judge Jeffery P. Hopkins
                                  Magistrate Judge Michael R. Merz

WARDEN, London
 Correctional Institution,

                          :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case, brought *pro se* by Petitioner Christopher Warth to obtain relief from his conviction in the Hamilton County Court of Commons Pleas for felonious assault with a firearm specification (Petition, ECF No. 1). Respondent has filed the State Court Record (ECF No. 14) and a Return of Writ (ECF No. 15), and Petitioner has filed a Reply (ECF No. 27). The case is thus ripe for decision.

The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in this District (ECF No. 29).

**Litigation History**

The 2021 term of the Hamilton County Grand Jury returned an indictment charging Warth

1

with one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(2) with firearm specifications and one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(1). A trial jury convicted Warth on both counts. He appealed to the First District Court of Appeals which affirmed except for the Eleventh Assignment of Error which the State conceded[1]. *State v. Warth*, 2023-Ohio-3641 (Ohio App. 1st Dist. Oct. 6, 2023). The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal. *State v. Warth*, `172 Ohio St. 3d 1467 (2024). Warth's Application to Reopen his direct appeal to litigate ineffective assistance of appellate counsel issues was dismissed as untimely (Entry, State Court Record, ECF No.14, Ex. 22).

Warth filed his Petition for Writ of Habeas Corpus on October 1, 2024. On October 29, 2024, he filed an Amended Petition[2], pleading the following grounds for relief:

> **Ground One:** Petitioner's right to due process and fair criminal proceedings under the U.S. Constitution were violated due to the Ohio courts misinterpretation and misapplication of United States Supreme Court precedent of the "No Retreat Rule," when evidence was presented and argued that Petitioner was at fault in creating the situation because he did not consider retreat as an alternative, did not stay in his home and did not retreat back into his home once outside.
>
> **Ground Two:** Petitioner's right to a fair trial and due process protections under U.S. Constitution were violated when the Ohio court(s) failed to meet its burden of proving at least one of the following beyond a reasonable doubt that Petitioner: (1) was at fault in creating the situation that led to the use of deadly force; (2) did not have reasonable grounds to believe that he or another was in immediate danger of death or great bodily harm; (3) did not have an honest belief, even if mistaken, that he or another was in immediate danger of death or great bodily harm; or (4) used unreasonable force resulting in a decision that was based on an unreasonable determination of the facts and light of the evidence presented in the state court proceeding(s).

---

[1] The question was whether the two counts of conviction should be merged. The issue does not affect this habeas corpus case.
[2] Since Respondent had not yet answered, Petitioner did not need permission to amend.

> **Ground Three:** Petitioner's due process right(s) and right to a fair trial enumerated under the U.S. Constitution were violated by means of prosecutorial trial error when the prosecution engages in error(s) rising to misconduct by repeatedly arguing that Petitioner is obligated to retreat and consider retreat as an alternative when the law clearly prohibits the jury from considering such evidence.
>
> **Ground Four**: Petitioner's due process right(s) and right to a fair trial enumerated under the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution were violated when in this self-defense case a police officer was permitted to render an opinion on who was at fault, who was acting in self-defense, and who should have retreated based on their review of surveillance video of the incident.
>
> **Ground Five**: Petitioner was denied the right to effective assistance of counsel as secured by the Sixth Amendment to the United States Constitution when his attorney fails to object to impermissible evidence, fails to proffer witness testimony and evidence causing prejudice to the petitioner.

(Amended Petition, ECF No. 9-1).

## Analysis

**Ground One: Denial of Due Process by Failure to Apply Proper Precedent on Self-Defense**

In his First Ground for Relief, Petitioner asserts he was denied due process and a fair trial when the First District Court of Appeals failed to apply appropriate United States Supreme Court precedent to his defense of self-defense.

Respondent asserts this claim is procedurally defaulted because Warth did not present it as a federal constitutional claim to the Ohio courts. Before a federal constitutional claim can be properly presented to a federal court, it must have first been presented as a constitutional claim to the state courts, including at all levels and in the same form. *O'Sullivan v. Boerckel*, 526 U.S. 838,

3

(1999).

In his appeal to the First District, Warth presented the following fourteen assignments of error:

> **FIRST ASSIGNMENT OF ERROR:**
>
> THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTAPPELLANT BY FINDING HIM GUILTY OF FELONIOUS ASSAULT WHEN THE FINDING WAS BASED ON INSUFFICIENT EVIDENCE.
>
> **SECOND ASSIGNMENT OF ERROR:**
>
> THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTAPPELLANT BY FINDING HIM GUILTY OF FELONIOUS ASSAULT WHEN A GUILTY VERDICT WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL.
>
> **THIRD ASSIGNMENT OF ERROR:**
>
> THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTAPPELLANT BY FINDING HIM GUILTY OF FELONIOUS ASSAULT WHEN THE STATE OF OHIO FAILED TO DISPROVE DEFENDANT-APPELLANT'S CLAIM OF SELF-DEFENSE BEYOND A REASONABLE DOUBT.
>
> **FOURTH ASSIGNMENT OF ERROR**:
>
> THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTAPPELLANT BY ADMITTING EVIDENCE OF THE POSSIBILITY OF RETREAT WHEN THAT EVIDENCE WAS NOT RELEVANT.
>
> **FIFTH ASSIGNMENT OF ERROR:**
>
> THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTAPPELLANT BY PERMITTING A POLICE OFFICER TO TESTIFY TO HIS OPINION REGARDING WHETHER DEFENDANT-APPELLANT ACTED IN SELF-DEFENSE.
>
> **SIXTH ASSIGNMENT OF ERROR:**

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTAPPELLANT BY ADMITTING INFLAMMATORY ALLEGED OTHER ACT EVIDENCE.

**SEVENTH ASSIGNMENT OF ERROR:**

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTAPPELLANT AS HE WAS DENIED DUE PROCESS AND A FAIR TRIAL WHEN THE TRIAL COURT ALLOWED THE PROSECUTING ATTORNEY TO ENGAGE IN MISCONDUCT.

**EIGHTH ASSIGNMENT OF ERROR:**

DEFENDANT-APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED WHEN THE POLICE DESTROYED EXCULPATORY EVIDENCE.

**NINTH ASSIGNMENT OF ERROR:**
THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTAPPELLANT BY PRECLUDING HIM FROM PRESENTING THE TESTIMONY OF A DEFENSE WITNESS.

**TENTH ASSIGNMENT OF ERROR:**

DEFENDANT-APPELLANT WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AS SECURED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

**ELEVENTH ASSIGNMENT OF ERROR**:

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTAPPELLANT BY FAILING TO MERGE COUNTS ONE AND TWO.

**TWELFTH ASSIGNMENT OF ERROR:**

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTAPPELLANT AS THE PRISON SENTENCE IMPOSED WAS NOT SUPPORTED BY THE SENTENCING FACTORS SET FORTH IN THE OHIO REVISED CODE.

**THIRTEENTH ASSIGNMENT OF ERROR:**

>THE TRIAL COURT ERRED BY IMPOSING AN UNCONSTITUTIONAL INDEFINITE SENTENCE.
>
>**FOURTEENTH ASSIGNMENT OF ERROR:**
>
>THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTAPPELLANT AS THE CUMULATIVE EFFECT OF ERRORS COMMITTED AT TRIAL DEPRIVED HIM OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL.

(Appellant's Brief, State Court Record, ECF No. 14, Ex. 12).

None of Warth's Assignments of Error is couched in terms of a United States constitutional claim except Assignments Ten and Fourteen. However, Assignments One, Seven, Eight, Nine, and Thirteen are phrases in sufficiently clear language to bring to the First District's attention any included federal constitutional claims. More to the point, none of them claims that the United States Supreme Court has "constitutionalized" the defense of self-defense. Warth has therefore procedurally defaulted his First Ground for Relief and offers no excusing cause and prejudice.

Warth's First Ground for Relief also fails on the merits. Federal habeas corpus reaches only federal constitutional challenges to state court convictions. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Petitioner's Traverse recognizes that to prevail he must show that the state courts' decision is contrary to or an objectively unreasonable application of clearly established United States

Supreme Court constitutional precedent (ECF No. 27, PageID 1449, *et seq.*).

The Supreme Court precedent cited first by Warth is *Beard v. United States*, 158 U.S. 550 (1895).  The case was before the Supreme Court on a writ of error[3] from the Circuit Court for the Western District of Arkansas; federal jurisdiction was based on the fact that the crime had been committed in Indian country.  Justice Harlan relied upon common law sources, both cases and treatises, to decide the case, which was concerned with the common law of self-defense.  Nowhere in the opinion is there any suggestion that the States are bound to recognize self-defense as an affirmative defense to the homicide charge under state law.  No federal constitutional case is cited.

Warth next cites *Brown v. United States*, 256 U.S. 335 (1921).  In *Brown*, the Court decided the parameters of the federal common law of self-defense.  As Justice Holmes' opinion makes clear, the crime was committed within the exclusive jurisdiction of the United States.

> The law has grown, and even if historical mistakes have contributed to its growth it has tended in the direction of rules consistent with human nature. Many respectable writers agree that if a man reasonably believes that he is in immediate danger of death or grievous bodily harm from his assailant he may stand his ground and that if he kills him he has not succeeded the bounds of lawful self defence. That has been the decision of this Court. *Beard v. United States*, 158 U. S. 550, 559, 15 Sup. Ct. 962, 39 L. Ed. 1086.

256 U.S. at 343.  The Court in *Brown* is interpreting federal common law.  There is no hint that it is constructing a rule of constitutional law applicable tom the States.

Warth's misunderstanding of the Supreme Court's role is exemplified by his statement:

> "On April 6, 2021, R.C. 2901.09 removed the duty to retreat in self-defense cases, also known as "Stand Your Ground" law or "No Retreat Rule." These laws have been codified through United States Supreme through United States Supreme Court precedents" *Beard* and *Brown*.

(Traverse, ECF No. 27, PageID 1445).  The word "codify" in law means to put into a statute.

---

[3] Virtually all cases before the Supreme Court today arrive there on a petition for writ of certiorari.

What happened in the Ohio legislature in April 2021 was that the General Assembly codified parts of what the Supreme Court had said in *Beard* and *Brown*. The United States Supreme Court has nowhere held that its interpretation of self-defense is constitutionally binding on the States. Ground One should also be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Two:  Failure of the State to Produce Sufficient Evidence to Rebut Self-Defense**

In his Second Ground for Relief Warth asserts the State failed to produce sufficient evidence to rebut his claim of self-defense. Respondent asserts that Warth's Second Ground for Relief does not state a claim for relief under the federal constitution (Return ECF No. 15, PageID 1227-28).

For the reasons given above as to Ground One, Ground Two does not state a claim under the federal Constitution. To reiterate, the Supreme Court has never adopted the proposition that the defense of self-defense must be adopted by the States in any particular form or at all.

**Ground Three:  Prosecutorial Misconduct**

In his Third Ground for Relief, Warth contends the prosecution committed misconduct and deprived him of a fair trial by misstating self-defense law. The First District found no misstatement of Ohio self-defense law. Moreover Warth procedurally defaulted this claim by failing to raise it on direct appeal. *State v. Perry*, 10 Ohio St. 2d 175 (1967). Ground Three should be dismissed.

**Ground Four:  Evidentiary Rulings**

In his Fourth Ground for Relief, Warth asserts he was deprived on his constitutional rights when Detective Webb was permitted to testify to his opinion on whether Warth had shown self-defense

Respondent asserts that Warth's Ground Four is also not cognizable in habeas because the rules are not imposed on the States as a matter of federal constitutional law (Return, ECF No. 15, PageID 1229 et seq.).

Petitioner raised these claims on direct appeal as his Fifth Assignment of Error and the First District decided it as follows:

> {¶51} In his fifth assignment of error, Warth argues that the trial court erred by permitting Webb to express his opinion as to whether Warth acted in self-defense. Warth did not object to this testimony, thus, we review it for plain error. The testimony to which Warth objects on appeal is as follows:
>
> WEBB: And Mr. Warth and his mother continue to go towards her. You know Mr. Warth told us several times that he was in fear, yet, he was going forward.
>
> Those two things didn't make sense. There was a confrontation at the corner of the property where Mr. Warth and his mother approached Ms. Estes, and, you know, she made some — some movements as if she was going to fight.
>
> You know, what we took into consideration was it was reasonable for Ms. Estes to think that there was an imminent threat to her. Mr. Warth stated that he felt that she may have had something, but never seen it. However, Mr. Warth did definitely show Ms. Estes that he had a weapon.
>
> So at that point where she was on the public sidewalk, and she was approached by two individuals, was it reasonable for her to fear that she was in imminent danger?

9

> We felt the imminent threat was more for her to feel fear at that point. I asked Mr. Warth if — you know, you could have simply locked the door and nothing would have occurred? He did agree with that statement. So the conclusion was — is that we felt Mr. Warth was in violation of felonious assault at that point.

{¶52} Warth offers no plain-error argument, other than, "Even under the plain error standard, reversal is required. This is an obvious violation of the law that adversely affected Warth's substantial rights." This conclusory statement does not provide this court any argument about why admitting this evidence was plainly erroneous. While under Crim.R. 52(B), this court has the discretion to correct plain errors affecting a defendant's substantial rights, "the accused bears the burden of proof to demonstrate plain error on the record." *State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. When an appellant fails to develop a plain-error analysis, the appellate court need not create one on the appellant's behalf and may decline to reach the merits of the claim. *State v. Chapman*, 9th Dist. Summit No. 28626, 2018-Ohio-1142, ¶ 23. For this reason, Warth's fifth assignment of error fails.

{¶53} But even if Warth had offered a plain-error argument, a trial court does not commit reversible error by permitting police officers to testify about the process of their investigation. See *State v. Fhiaras*, 8th Dist. Cuyahoga No. 97740, 2012-Ohio-3815, ¶ 38 (testimony involving a police officer's role in deciding whether his investigation should continue, and whether that investigation should continue to focus on both a particular offense and a specific suspect, was permissible); Evid.R. 701; see also *State v. Jones*, 2015-Ohio-4116, 43 N.E.3d 833, ¶ 108 (1st Dist.) (testimony of a detective was rationally based on his training and personal experience in child-abuse cases, and aided the trier of fact in determining the child-victim's credibility).

{¶54} Webb did not give an opinion about whether Warth acted in self-defense. Rather, Webb testified that it was reasonable for Estes to feel fear when Tyler and Warth—who was armed—approached her on the sidewalk. Webb also testified about the portion of the police interview where he asked Warth if he could have stayed behind the locked door and that Warth agreed. This was informing the jury about his investigation. It was not expert testimony that Warth did not act in self-defense.

{¶55} We overrule Warth's fifth assignment of error.

*State v. Warth*, 2023-Ohio-3641 (Ohio App. 1st Dist. Oct. 6, 2023).

10

As the Court understands Warth's Fourth Ground for Relief, it is that the State of Ohio denied him a fair trial by allowing Detective Webb to testify as he did. To the extent this is a claim that the testimony given was the proper subject only for an expert opinion, the United States Constitution does not impose an expert qualification requirement on the state courts. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), which imposed such a requirement on the federal courts, did so as a matter of interpreting the Federal Rules of Evidence, which are not applicable in state courts; those rules are not binding on the state courts as a matter of constitutional law.

Secondly, the First District's reading of Webb's testimony concluded it was not expert testimony. Warth has offered no Supreme Court precedent to the contrary. That is to say, the Supreme Court has never held that testimony such as Webb gave must be treated and evaluated as expert testimony.

Furthermore, Warth has procedurally defaulted this claim because no contemporaneous objection was made to Webb's testimony. The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster*

11

> *County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). Ohio has a procedural rule that requires contemporaneous objection to trial court error so that the error can be corrected before it infects the verdict. States have a very strong interest in the contemporaneous objection rule. *Scott v. Mitchell,* 209 F.3d 854 (6th Cir. 2000), quoting extensively from *Wainwright v. Sykes*, 433 U.S. 72, 88-90 (1977). Ohio's contemporaneous objection rule is an adequate and independent state ground. *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982).

The First District actually enforced the contemporaneous objection rule by invoking the plain error doctrine. That is, they considered the asserted errors in Assignment of Error Five hypothetically and said they would not have met the plain error test. An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).

**Ground Five: Ineffective Assistance Of Trial Counsel**

In his Fifth Ground for Relief, Warth asserts he received ineffective assistance of trial counsel. This does state a claim for relief under the Constitution. *Strickland v. Washington,* 466 U.S. 668 (1984). However, Warth failed to fairly present this claim to the First District and it is therefore procedurally defaulted and should be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 17, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.